IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CARLTON R. CARTER,

                    Plaintiff,

          vs.

STAUFFERS CAFE,

                    Defendant.

8:23CV105

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Complaint filed on March 20, 2023. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 6. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court is further required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the Court will consider Plaintiff's supplemental filing, Filing No. 7, as part of the Complaint. *See* NECivR 15.1(b).

## I. SUMMARY OF COMPLAINT

Plaintiff Carlton R. Carter ("Plaintiff") brings this action against his former employer Stauffers Café ("Defendant") and seeks to proceed under "Neb. Rev. Stat 20-1482" for wrongful "termination without Due Process[ and] without Equal Protection." Filing No. 1 at 2, 4. Plaintiff alleges that he is a 56-year-old, "non-white citizen" with "religious beliefs [that] are [his] own." *Id.* at 2. On March 15, 2023, Plaintiff alleges he was terminated for "incidents" that occurred on March 12, 2023, in which he took over duties from another employee who was struggling. *Id.* at 2–3. Plaintiff alleges that

Defendant conspired against him "due to [his] age, race, religious beliefs, inferiority comply [sic] issues of theirs, background, [and] work ethic." *Id.* at 3.

As best the Court can tell from Plaintiff's Complaint and the attached text messages thereto, Plaintiff alleges certain managers or employees of Defendant did not appreciate or resented Plaintiff's strong work ethic and accused Plaintiff of, essentially, acting like a manager and telling other employees what to do instead of having management handle the situation. Plaintiff also complains that Defendant has refused to provide him with proper paperwork documenting in detail why he was terminated, which has interfered with an insurance claim Plaintiff is pursuing regarding a cancelled event he was unable to attend due to the travel required and his work schedule. *Id.* at 7; Filing No. 7.

As relief, Plaintiff seeks a stay of his termination and lost pay and income. Filing No. 1 at 4.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199

F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS OF COMPLAINT

### A.  Claims Under Nebraska Law

Plaintiff purports to bring this action under Nebraska law for alleged violations of his due process and equal protection rights under the United States Constitution.  *See* Filing No. 1 at 1, 2, & 4.  Based on the Court's research, the statute Plaintiff relies upon, "Neb. Rev. Stat. 20-1482," does not exist.  There is, however, a section 20-148 of the Nebraska Revised Statutes, which provides:

(1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of

this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

(2) The remedies provided by this section shall be in addition to any other remedy provided by Chapter 20, article 1, and shall not be interpreted as denying any person the right of seeking other proper remedies provided thereunder.

Neb. Rev. Stat. § 20-148.  Assuming Plaintiff intended to seek relief pursuant to Neb. Rev. Stat. § 20-148, his Complaint fails to state a claim upon which relief can be granted under that statute.

As the Nebraska Supreme Court has explained, "§ 20–148 is a procedural statute which does not create any new substantive rights." *Goolsby v. Anderson*, 549 N.W.2d 153, 157 (Neb. 1996).  The Eighth Circuit Court of Appeals has similarly stated:

"[Section 20-148] does not purport to create new causes of action or rights but merely provides a civil avenue of recovery for violations of constitutional or statutory civil rights provisions.  Section 20–148 does not create a civil remedy for conduct which would violate the *concept* or *spirit* of a constitutional or statutory provision *but for* the absence of a jurisdictional fact.  Rather it provides a civil remedy for violations of constitutional or statutory right.  Therefore, the plaintiffs can succeed on these causes of action only if the pertinent constitutional provisions were actually violated."

*Ritchie v. Walker Mfg. Co.*, 963 F.2d 1119, 1122 (8th Cir. 1992) (quoting *Jim Ritchie, et al. v. Walker Mfg. Co.*, No. CV90-L-329, 1991 WL 337615 (D. Neb. Jan. 4, 1991) (emphasis in original)).

Here, any purported claim under Neb. Rev. Stat. § 20-148 would be premised on Plaintiff's claim that Defendant terminated him in violation of his federal due process and equal protection rights.  The Fourteenth Amendment of the United States Constitution provides that no State shall "deprive any person of life, liberty, or property,

4

without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982); see also Thomas v. City of St. Paul, 526 F. Supp. 2d 959, 967 (D. Minn. 2007), aff'd, 321 F. App'x 541 (8th Cir. 2009) ("To establish a prima facie violation of the equal protection clause on the basis of discrimination, there must be state action."). Plaintiff's Complaint contains absolutely no allegations suggesting that Defendant's actions could be characterized as "state action." Rather, by all indications, Defendant is a private employer and restaurant. Thus, absent state action, the Complaint fails to state a wrongful termination claim under Neb. Rev. Stat. § 20-148 for a violation of Plaintiff's federal due process and equal protection rights. Cf. Dossett v. First State Bank, Loomis, Nebraska, 627 N.W.2d 131, 139 (Neb. 2001) ("Without a statement of facts to support an allegation of state action, Dossett's petition does not sufficiently plead a cause of action for wrongful discharge brought under § 20–148 for a violation of her state constitutional right to free speech under Neb. Const. art. I, § 5.")

Plaintiff's Complaint could also be liberally construed as asserting a claim under Neb. Rev. Stat. § 20-148 for violations of the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001–1010, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126. See Hassler v. Alegent Health, 198 F. Supp. 2d 1108, 1111 (D. Neb. 2002) ("Section 20–148 provides an independent cause of action for violations of the NFEPA." (citing Parrish v. Immanuel Med. Ctr., 92 F.3d 727, 734 (8th Cir.1996); Goolsby, 549 N.W.2d at 158)). Because

any such claims would be entirely based on state law, this Court would lack subject matter jurisdiction over them.[1]  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Wiseman v. Keller*, 358 N.W.2d 768, 772 (Neb. 1984) (because § 20-148 "is silent as to allowing suit in federal court and the legislative history indicates it was intended as a state remedy, we conclude that even if the statute permitted suits against the state, that suit could only be brought in state court"). Additionally, as discussed below, the Complaint fails to allege a plausible claim for discrimination under either the NADEA or the NFEPA.

**B. Employment Discrimination Claims**

Liberally construed, Plaintiff's action could be considered a federal employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  To the extent the Complaint could also be construed as raising state-law employment discrimination claims under the NADEA and NFEPA, the same analysis would govern Plaintiff's claims under the ADEA and the NADEA, *see Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002), and Title VII and the NFEPA, *see Leiting v. Goodyear Tire & Rubber Co.*, 117 F.Supp.2d 950, 955 (D. Neb. 2000); *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999). The Complaint, however, fails to allege that Plaintiff has exhausted his administrative

---

[1] The Court also will not exercise its supplemental jurisdiction over Plaintiff's Nebraska state-law claims if he is unable to state a claim under federal law.  28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

remedies as required and fails to allege sufficient facts to state plausible discrimination claims.

### 1. Timeliness and Exhaustion of Remedies

To pursue discrimination and retaliation claims under Title VII and the ADEA, a plaintiff must exhaust all administrative remedies.  To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC").  29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); *see also Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court.").  The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

For an administrative charge to be "timely," the employee must either file it with the EEOC within 180 days of the alleged unlawful employment practice, or file it with a state or local agency within 300 days of the alleged unlawful practice.  29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(1).  In Title VII and ADEA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.  29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff has not alleged whether he has pursued any administrative remedies by filing a charge of discrimination with the EEOC or the NEOC, let alone whether he has exhausted his administrative remedies and received a right-to-sue

notice.    Thus,  the  Court  cannot  confirm  whether  Plaintiff  has  exhausted  his administrative remedies and filed his Title VII and ADEA claims in a timely manner in this Court.[2]

### 2.  Sufficiency of the Complaint

The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.  29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with  respect  to  his  compensation,  terms,  conditions,  or  privileges  of  employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "A prima facie case of discrimination requires that the plaintiff '(1) is a member  of  a  protected  group;  (2)  was  meeting  the  legitimate  expectations  of  the employer;  (3)  suffered  an  adverse  employment  action;  and  (4)  suffered  under circumstances permitting an inference of discrimination.'"  *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)).

Even liberally construed, Plaintiff's Complaint does not allege a prima facie case of discrimination under either the ADEA or Title VII.  Plaintiff alleges that he is over 40

---

[2] To be clear, this exhaustion requirement would also apply to any claim asserted *solely* under the NFEPA or the NADEA.  The exhaustion requirement would not apply to NFEPA or NADEA claims asserted under Neb. Rev. Stat. § 20-148.  *See Scott v. Concrete Supply, Inc.*, No. 8:17CV361, 2018 WL 922183, at *3 (D. Neb. Feb. 15, 2018) ("If a plaintiff's NFEPA claims fall under Neb. Rev. Stat. § 20-148, the plaintiff does not have to exhaust administrative remedies with respect to those claims." (footnote omitted)); *Goolsby*, 549 N.W.2d at 158 (pursuant to § 20-148, a plaintiff can pursue claims under the NFEPA "in state district court without first exhausting her administrative remedies").

years old, is non-white, and holds certain religious beliefs, but Plaintiff does not describe any circumstances that would give rise to an inference of discrimination based on his age, race, or religion. He alleges only that he was terminated for "incidents" in which he took over duties from another employee who was struggling and that Defendant took issue with his work ethic. Filing No. 1 at 2–3. Even construed liberally, these allegations do not support a reasonable inference that Defendant is liable for racial, religious, or age discrimination, nor do they provide fair notice of the nature and basis or grounds for Plaintiff's discrimination claim.

However, on its own motion, the Court will provide Plaintiff with the opportunity to amend his Complaint to (1) sufficiently allege Title VII and ADEA claims against Defendant and (2) to allege whether he exhausted his administrative remedies with the EEOC/NEOC with respect to his Title VII and ADEA claims and, if so, the date on which he received a right-to-sue notice. Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff on the basis of his age, race, and/or religion, to the extent such facts can be credibly alleged.

## C. Claims Related to Denied Insurance Claim

In the supplement to his Complaint, Plaintiff alleges that Defendant has refused to provide him with proper paperwork documenting in detail why he was terminated, which has interfered with an insurance claim Plaintiff is pursuing regarding a cancelled event he was unable to attend due to the travel required and his work schedule. Filing No. 7. Liberally construed, Plaintiff may be attempting to assert a claim for tortious interference with a contract against Defendant. *See Huff v. Swartz*, 606 N.W.2d 461, 466 (Neb. 2000) (listing elements of tortious interference with a business relationship or

expectation).  Pending amendment of the Complaint to allege federal law claims under Title VII and the ADEA as set forth in this Memorandum and Order, the Court makes no finding regarding its jurisdiction over this potential state-law claim.

## IV.  OTHER PENDING MOTIONS

### A.  Filing No. 2

Along with his Complaint, Plaintiff filed a Motion Requesting Stay of Unlawful Termination and Reinstatement of Pay Including Loss.  Filing No. 2.  Plaintiff attached twenty-five pages of text messages between himself and Defendant's employees to show "how they think the law is not applicable to them" particularly in their denial of his request for "detailed" termination paperwork.  Filing No. 2 at 1.  Essentially, Plaintiff's motion reiterates his request for relief in his Complaint with the additional text messages offered as support.  Because the Court has concluded upon initial review that Plaintiff's Complaint fails to state a claim upon which relief may be granted, Plaintiff has not demonstrated that he is entitled to the relief he seeks either in his Complaint or his Motion for Stay of his Termination, and his motion, therefore, will be denied without prejudice.

### B.  Filing No. 8

On March 31, 2023, Plaintiff filed a Motion Requesting Enforcement Under US Constitution of Accountability in which he requests the following relief:

1.) Appoint counsel to myself
2.) Stay my termination
3.) Reinstate my pay with back pay
4.) Order reimbursement of pay (tickets) to an event I had insurance on but policy was not honored due solely to respondents in this cause.

10

Filing No. 8 at 1. Plaintiff further requests a "speedy trial and/or a Jury trial." Filing No. 8 at 1.

As discussed above, the Court will not issue a stay of Plaintiff's termination or reinstate his pay with back pay because his Complaint fails to state a claim upon which such relief may be granted. Similarly, the Court will not order Defendant to pay any damages related to Plaintiff's denied insurance claim as the Court declines to make any finding regarding its jurisdiction over this potential state-law claim until Plaintiff has an opportunity to amend his Complaint to state a plausible federal claim for relief. Pending such amendment, the Court also cannot grant Plaintiff's request for a speedy jury trial as such request is premature.

Finally, Plaintiff has requested the appointment of counsel. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This case is still in its early stages, and it is not clear that Plaintiff and the Court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further,

the Court notes that Plaintiff has been able to file relatively clear and understandable materials with the court, indicating his basic ability to present his claims.  Although this case ultimately may turn on resolving factual disputes between Plaintiff's version of events and Defendant's version of events, as well as a credibility assessment of witnesses if the case proceeds to trial, it has not yet progressed to that stage.  Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

## V.  CONCLUSION

As it stands, Plaintiff's Complaint fails to allege a claim against Defendant upon which relief may be granted.  On its own motion, the Court gives Plaintiff leave to file an amended complaint (1) to sufficiently allege Title VII and ADEA claims and (2) to allege whether he exhausted his administrative remedies with respect to his Title VII and ADEA claims.  Plaintiff may also reassert any of his state-law claims in his amended complaint and include additional factual allegations to address the deficiencies identified by this Court, to the extent such facts can be credibly alleged.  However, if Plaintiff is unable to allege a plausible claim for relief under either Title VII or the ADEA, i.e. federal law, then the Court will decline to exercise its supplemental jurisdiction over any of Plaintiff's state-law claims, and such claims will be dismissed without prejudice to Plaintiff's reassertion of his state-law claims in state court.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion to Proceed in Forma Pauperis, Filing No. 6, is granted.

2.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time

specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.   In his amended complaint, Plaintiff must comply with federal pleading requirements.   Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff on the basis of his age, race, and/or religion, to the extent such facts can be credibly alleged.  To that end, Plaintiff may use the enclosed form civil complaint for employment discrimination if he so chooses.

3.      In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1; Filing No. 7, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.      The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5.      Plaintiff's motions requesting a stay of his termination, reinstatement of pay, reimbursement, and appointment of counsel, Filing No. 2; Filing No. 8, are denied without prejudice.

6.      The Clerk of the Court is directed to send to Plaintiff the Pro Se 7 Form Complaint for Employment Discrimination.

7.      The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 11, 2023**: amended complaint due.

Dated this 11th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge